PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JEFFREY A. BACKHUS (CABN 200177)
Assistant United States Attorney

    60 South Market Street, Suite 1200
    San Jose, California 95113
    Telephone: (408) 535-5080
    FAX: (408) 535-5066
    jeffrey.backhus@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 22-00217 EJD |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | |
| DANIEL CASTRO ROMERO, | Sentencing Date: May 19, 2025 |
| Defendant. | Time: 1:30 p.m. |

## I. INTRODUCTION

This case started out as a traffic stop for an expired registration. Once officers contacted Daniel ROMERO, who was the driver and sole occupant, they found out that ROMERO was on Post Release Community Supervision ("PRCS"). Officers searched the vehicle and located, among other things, a loaded Smith & Wesson revolver handgun containing five (5) live rounds of ammunition sitting on top of the backpack. A search of the interior of the backpack revealed four clear plastic bags containing a total of 226.35 grams of methamphetamine. A subsequent search of ROMERO's residence revealed, seventeen (17) cannabis plants growing in the backyard of the residence, $11,770 in U.S. currency, and a box of Federal ammunition containing thirty-five (35) rounds of 38 special ammunition, the same

GOV'T SENTENCING MEM.          1
CR 22-00217 EJD

ammunition used by the revolver recovered from ROMERO during the traffic stop.

Based on a total offense level of 25, and a criminal history category of VI, ROMERO's Guidelines range is 110-137 months. However, based on the plea agreement, the parties jointly recommend a sentence of 72 months of imprisonment as to Counts One and Two (concurrent) followed by a five-year period of supervised release as to Count One, and three-years as to Count Two, on the terms recommended by Probation.

## II.    FACTS

On July 23, 2020, at about 1:10 p.m., Deputies with the Monterey County Sheriff's Office (MCSO) observed a gray Honda Accord bearing registration that expired in June 2020 driving on a public roadway in Salinas, California. MCSO Deputies performed a traffic stop on the vehicle and identified the driver and sole passenger of the vehicle as ROMERO.

When asked if ROMERO knew why he was stopped ROMERO stated, "expired license plate." A Deputy asked ROMERO if he was on probation or parole and ROMERO stated he was on PRCS with search and seizure. The Deputy subsequently requested a background check on ROMERO through MCSO dispatch and confirmed ROMERO was on PRCS for a primary offense of California Penal Code Section 496, possession of stolen property, with a discharge date of November 2, 2020.

A Deputy then asked ROMERO if there was anything illegal in the vehicle and ROMERO replied, "I have some dope on the front seat," and motioned with his hands towards the front passenger seat of the vehicle. Deputies asked ROMERO if there was anything else illegal inside the car and ROMERO stated, "[t]here is a gun in the car."

Deputies searched the vehicle based on ROMERO's statements and located a blue sweater draped over a black backpack on the front passenger seat of the car. A Deputy removed the sweater and found a loaded Smith & Wesson revolver handgun containing five (5) live rounds of ammunition sitting on top of the backpack. A search of the interior of the backpack revealed four clear plastic bags containing a total of 226.35 grams of methamphetamine. Deputies seized the methamphetamine and revolver handgun as evidence.

ROMERO was arrested by the Deputies and transported to the Monterey County Jail.

On July 23, 2020, following the arrest of ROMERO, the Investigation Division of MCSO

conducted a PRCS search of ROMERO's residence located at 395 Mendocino Drive, Salinas, California. During the search MCSO Detectives found seventeen (17) cannabis plants with large colas (buds) growing in the backyard of the residence.

During an interior search of the residence, Deputies located a silver cup in a hall closet containing $11,770 in U.S. currency. Also found inside the closet was a box of Federal ammunition containing thirty-five (35) rounds of 38 special ammunition, the same ammunition used by the revolver recovered from ROMERO during the traffic stop.

The ammunition, U.S. currency, two-pound sample of cannabis, and five random samples of cannabis were collected as evidence by Detectives. The remaining cannabis plants were destroyed on site.

### III.     DISCUSSION

#### A.     Sentencing Guidelines

The government's Guidelines calculations are as follows:

| | |
|---|---|
| Base Offense Level, U.S.S.G. § 2D1.1(a)(5)(A) and (c)(7) | 26 |
| Specific Offense Characteristics § 2D1.1(b)(1) (Dangerous weapons (firearms) were possessed) | +2 |
| Acceptance of Responsibility, § 3E1.1 | -3 |
| Total Offense Level | 25 |
| Criminal History Category (0 points) | VI |
| Total Range (in months) | 110-137 (60-month mandatory minimum) |

The government also concurs that ROMERO's Criminal History Category is VI.

#### B.     A 72-Month Sentence is the Reasonable and Appropriate Sentence in this Case

The government respectfully requests that the Court impose a sentence of 72 months of imprisonment. This sentence is supported by the § 3553(a) factors; in particular, the history and characteristics of the defendant, promoting respect for the law, the seriousness of the offense, deterring future criminal conduct, and protecting the public.

The circumstances of the instant offense, as well as ROMERO's history and characteristics are

aggravating. In this case, ROMERO possessed a firearm, ammunition, a significant quantity of methamphetamine and had an active marijuana grow at his home. The possession of weapons in addition to the drugs is extremely troubling. During this offense, ROMERO was acutely aware that his conduct was both illegal and dangerous but chose to do it anyway, heedless of the consequences of possessing and distributing narcotics and possessing firearms in contravention of laws put in place to save lives and stop drug dealers from amassing deadly weapons.

Furthermore, ROMERO has significant ties to a violent gang. ROMERO is a documented member of the Sureño criminal street gang, which is notorious for its use of violence against its enemies.

ROMERO also has multiple felony convictions including a 2005 conviction for Receive/Etc. Known Stolen Property, in violation of California Penal Code Section 496 (a) (there is a note with this conviction that it was a "Street Gang Act"), a 2013 conviction for Possession of a Controlled Substance for Sale, in violation of California Health and Safety Code Section 11378, and a 2015 conviction for Receive/Etc. Known Stolen Property, in violation of California Penal Code Section 496 (a). Based on these convictions, and his conduct in this case, it appears ROMERO has a significant history of personal involvement on multiple occasions in the distribution of illegal drugs. As stated above, not only was ROMERO in possession of a significant amount of methamphetamine in this case, but he was operating an illegal marijuana grow at his residence. ROMERO also possessed a loaded firearm.

Finally, as evidenced by this case and the prior conviction for possession for sale, the government believes that ROMERO has been supporting himself through drug trafficking for some and is likely responsible for putting large quantities of drugs into the community.

At the same time, the government recognizes ROMERO faced challenges during his childhood, has be abusing drugs for some time, and began associating with Sureños at a young age. The government also appreciates that ROMERO has participated in substance abuse treatment since his arrest. Finally, the government acknowledges that the longest custodial time ROMERO has been sentenced to has been sixty months in prison.

### IV. CONCLUSION

Given ROMERO's activity in this case and his previous criminal conduct, the government believes that a 72-month sentence is appropriate. It reflects the seriousness of defendant's conduct, his

GOV'T SENTENCING MEM.  4
CR 22-00217 EJD

1  criminal history, and the need to protect the public.  It will also provide, the government hopes, a level
2  of specific deterrence for the defendant that his previous sentences have not.  Based on the plea
3  agreement, the parties jointly recommend a sentence of 72 months of imprisonment as to Counts One
4  and Two (concurrent) followed by a five-year period of supervised release as to Count One, and three-
5  years as to Count Two, on the terms recommended by Probation..

DATED: May 14, 2025                              Respectfully submitted,

                                                 PATRICK D. ROBBINS
                                                 Acting United States Attorney


                                                 _____/s/_____
                                                 JEFFREY A. BACKHUS
                                                 Assistant United States Attorney